UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DOROTHY HAWTHORNE-BURDINE,

Plaintiff,

v.

OAKLAND UNIVERSITY, ET AL.,

Defendants.
_____/

Case No. 16-cv-13118

UNITED STATES DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

UNITED STATES MAGISTRATE JUDGE
ANTHONY P. PATTI

**OPINION AND ORDER DENYING PLAINTIFF'S MOTION APEALING [SIC] ORDER [17], DENYING DEFENDANTS' MOTION TO DISMISS [18] AS MOOT, DENYING PLAINTIFF'S MOTION FOR PERSONAL SERVICE ON DANIEL BERNARD BY THE U.S. MARSHALS [21] AS MOOT, AND DISMISSING COUNTS I–VI OF PLAINTIFF'S AMENDED COMPLAINT**

Dorothy Hawthorne-Burdine ("Plaintiff") filed a complaint alleging discrimination by her past employer, Oakland University, Medicolegal Services, 28 individually-named defendants, and 100 John Does (collectively, "Defendants") on September 16, 2015. *See Hawthorne-Burdine v. Oakland Univ.*, 158 F. Supp. 3d 586 (E.D. Mich. 2016). The Court granted Defendants' Motion to Dismiss and/or Motion for Summary Judgment on January 27, 2016, finding that the majority of Plaintiff's claims against Oakland University were barred by the Eleventh Amendment. *See id*. All of Plaintiff's federal claims were dismissed with prejudice, while her state law claims were dismissed without prejudice. *See id*. Plaintiff filed a timely appeal.

-1-

Rather than wait on resolution of the first case's appeal before the Sixth Circuit, Plaintiff filed the present case on August 29, 2016. *See* Dkt. No. 1. The case was initially assigned to Judge Stephen J. Murphy III, who granted Plaintiff's *in forma pauperis* request.[1] *See* Dkt. No. 4. The case was subsequently reassigned pursuant to Local Rule 83.11. E.D. Mich. LR 83.11(7)(D).

Immediately after summons were issued for Defendants based on the original complaint, Plaintiff filed an amended complaint, adding four new claims for a total of 21 counts, and naming Defendants' previous attorney as a new defendant. *See* Dkt. No. 12, 14. The amended complaint is 83 pages long and the exhibits are 190 pages long. *See id.* Plaintiff refused to comply with the Court's order to produce copies of the amended complaint so that the U.S. Marshals could serve the 32 named Defendants. *See* Dkt. No. 15–17. Having not been properly served with the amended complaint, Defendants, represented by newly named Defendant Daniel Bernard, filed their Motion to Dismiss[2] in response to the original complaint on October 6, 2016. Dkt. No. 18.

---

[1] The Court has not rendered a decision on whether Plaintiff's *in forma pauperis* status was properly granted and may revisit the issue upon further briefing. *See* 28 U.S.C. § 1915(e)(2)(B) ("Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal--(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.").

[2] Defendants are reminded that under Eastern District of Michigan Local Rule 5.1(a)(3), all documents filed with the Court must be in 14 point type size.

**A. Plaintiff's Motion Apealing [sic] the Court's Order Is Denied**

The Court interprets Plaintiff's Motion Apealing [sic] Order Denying Plaintiff's Request is interpreted by the Court to be a Motion for Reconsideration under Local Rule 7.1(h). Under this Court's Local Rules, the Court may not grant a motion for reconsideration that merely presents the same issues upon which the Court already ruled. LR 7.1(h)(3) (E.D. Mich. July 1, 2013). Additionally, the movant must demonstrate that there is a palpable defect in the opinion or order under attack and that correcting the defect will result in a different disposition of the case. *Id.*; *Indah v. U.S. S.E.C.*, 661 F.3d 914, 924 (6th Cir. 2011). "A 'palpable defect' is a defect which is obvious, clear, unmistakable, manifest, or plain." *Hawkins v. Genesys Health Systems*, 704 F. Supp. 2d 688, 709 (E.D. Mich. 2010) (quoting *Ososki v. St. Paul Surplus Lines Ins. Co.*, 162 F. Supp. 2d 714, 718 (E.D. Mich. 2001)).

Because Plaintiff's motion merely presents the same issues already ruled upon by the Court and offers no evidence of a palpable defect by which the Court was misled, the Court denies Plaintiff's Motion Apealing [sic] the Court's earlier order. Plaintiff does not have a right to have the Court finance the cost of her litigation.[3]

---

[3] Nothing in 28 U.S.C § 1915 suggests that an *in forma pauperis* litigant has the right to have the Court finance the cost of photocopying of an extremely long complaint for delivery to nearly three dozen defendants. *See Hullom v. Kent*, 262

It is worth noting that Defendants have a right to be timely served with a current and correct copy of the complaint, upon which they must rely in hiring an attorney and drafting an answer. When defendants are not properly and timely served with an amended complaint, issues like the current problem are likely to occur, wherein time and effort are wasted addressing a pleading that is no longer current. *See* Dkt. No. 18 (requesting dismissal of Plaintiff's now moot complaint, as the parties were never served her amended complaint prior to the filing of the motion to dismiss).

Nevertheless, because all named Defendants are now represented by counsel—except for Defendant Daniel Bernard—the Court will not require that Plaintiff serve physical copies of the amended complaint upon represented parties. The Court will allow the represented parties to be served the amended complaint through their legal counsel appearing on the Court's record and registered to receive and access records within the CM/ECF system. Additionally, since

---

F.2d 862, 863 (6th Cir. 1959) ("The statutory right to proceed in forma pauperis, Sec. 1915, Title 28, U.S. Code, does not include the right to obtain copies of court orders without payment therefor."). *Anderson v. Gillis*, 236 F. App'x 738, 739 (3d Cir. 2007) ("The in forma pauperis statute does not grant the court the authority to provide an indigent litigant with copies of all the documents in the record."). Indeed, "[c]ourts have consistently found that authorization to proceed *in forma pauperis* does not confer a right to free photocopies." *Hurst v. Warden*, No. CIVA 2:09-CV-01042, 2010 WL 1687675, at *1 (S.D. Ohio Apr. 22, 2010). Plaintiffs typically avoid the cost of lengthy photocopying by complying with Rule 8's requirement that the pleading provide "a *short* and plain statement of the claim" and by not filing unnecessary discovery material as exhibits. FED. R. CIV. P. 8(a)(2) (emphasis added).

Defendant Daniel Bernard has been served after the filing of Plaintiff's motion to personally serve him, the Court will deny Plaintiff's Motion for Personal Service, Dkt. No. 21, as moot.

### B. Plaintiff's Claims That Were Previously Dismissed With Prejudice Are Dismissed From The Current Case

Although a pro se complaint is to be held "hold to less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), every plaintiff "must conduct enough investigation to draft pleadings that meet the requirements of federal rules." *Burnett v. Grattan*, 468 U.S. 42, 50 (1984); *see also Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989) ("[T]he Sixth Circuit has held that pro se complaints must satisfy basic pleading requirements."). Attorneys and pro se litigants alike must certify under Federal Rule of Civil Procedure 11 that "to the best of [her] knowledge, information, and belief formed after reasonable inquiry [a complaint] is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation." *Burnett v. Grattan*, 468 U.S. 42, 51 n.13 (1984). Under Rule 11, the Court can issue monetary sanctions for a litigant's misconduct.

As Plaintiff correctly notes in her amended complaint, her federal civil rights claims against Oakland University were dismissed with prejudice in January 2016. Dkt. No. 12, p. 2 (Pg. ID No. 264); *see also Hawthorne-Burdine*, 158 F. Supp. 3d at 606–07. Minimal investigation into the term "dismissed with prejudice" would lead a reasonable person to conclude that the Court has made a determination on the merits, such that the plaintiff is forbidden from filing another lawsuit based on the same grounds. Nevertheless, Plaintiff alleges six counts (Counts I–VI) in her amended complaint that mirror those previously dismissed with prejudice by the Court on the basis of Defendant Oakland University's Eleventh Amendment immunity. Since there has been a final decision on the merits of those claims, Plaintiff's Counts I–VI, alleging violations of the Americans with Disabilities Act, Title VII of the Civil Rights Act, and Age Discrimination in Employment Act are properly dismissed.

The Court has not rendered a decision on whether Plaintiff's fifteen other claims are barred by claim preclusion. *See Heike v. Cent. Michigan Univ. Bd. of Trustees*, 573 F. App'x 476, 480 (6th Cir. 2014) ("Claim preclusion applies when (1) there is a final decision on the merits in the first action by a court of competent jurisdiction; (2) the second action involves the same parties, or their privies, as the first; (3) the second action raises an issue actually litigated or which should have been litigated in the first action; and (4) there is an identity of claims between the

first and second actions."). Such arguments may be appropriate upon further briefing that addresses the current amended complaint.

For the reasons discussed, the Court **HEREBY DENIES** Plaintiff's Motion Apealing [sic] Order Denying Plaintiff's Request To Serve Defendants Repepresented [sic] By An Attorney With The Freely Amended Complaint And Motion Requesting Financial Assistance [17].

The Court **FURTHER DENIES** Defendants' Motion For Dismissal And/Or Summary Judgment [18] as moot, as it was based on an outdated copy of the complaint.

The Court **FURTHER DENIES** Plaintiff's Motion for Personal Service [21] by the U.S. Marshals upon Defendant Daniel Bernard as moot, as the Court has been notified that he has been served a physical copy of the amended complaint.

The Court **FURTHER DISMISSES** Counts I–VI of Plaintiff's Amended Complaint with prejudice.

IT IS SO ORDERED.

Dated: October 31, 2016

/s/Gershwin A Drain
HON. GERSHWIN A. DRAIN
United States District Court Judge