UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DOROTHY HAWTHORNE-BURDINE,

Plaintiff,

v.

OAKLAND UNIVERSITY, ET AL.,

Defendants.
_____/

Case No. 16-cv-13118

UNITED STATES DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

UNITED STATES MAGISTRATE JUDGE
ANTHONY P. PATTI

**OPINION AND ORDER DENYING OAKLAND UNIVERSITY DEFENDANTS' MOTION FOR SANCTIONS [46] AND GRANTING MEDICOLEGAL SERVICES' MOTION FOR SANCTIONS [49]**

**I. INTRODUCTION**

On February 14, 2017, the Court granted Medicolegal Services' Motion to Dismiss and Oak University Defendants' Motion to Dismiss and/or for Summary Judgment. Dkt. No. 44. Plaintiff appealed the Court's judgment. Dkt. No. 47.

On February 23 and 28, 2017, Defendants sought sanctions against Plaintiff Dorothy Hawthorne-Burdine for filing a frivolous pleading with the Court with the purpose of harassment or to needlessly increase costs of litigation. Dkt. No. 46, 49.

Upon review of the pleadings, the Court finds that oral argument will not aid in the disposition of this matter. Accordingly, the Court will decide the matter on the pleadings. *See* E.D. Mich. LR 7.1(f)(2). For the reasons discussed herein, Court

-1-

will **DENY** Oakland University Defendants' Motion for Sanctions [46] and **GRANT** Medicolegal Services' Motion for Sanctions [49].

## II. BACKGROUND

This case was originally brought against the majority of present Defendants in 2015 (hereinafter "the 2015 Case"). *See Hawthorne-Burdine v. Oakland Univ.*, 158 F. Supp. 3d 586 (E.D. Mich. 2016). The Sixth Circuit affirmed the Court's dismissal of the case in November 2016. *Hawthorne-Burdine v. Oakland Univ.*, No. 16-1103 (6th Cir. Nov. 3, 2016).

While the appeal of the 2015 case was pending, Plaintiff, proceeding *pro se*, filed a second suit based on claims that substantially mirrored those in the first case (hereinafter "the 2016 Case"). *See* Dkt. Nos. 1, 12. Plaintiff argued at a motion hearing for the 2016 case that she understood *res judicata*, but that the Court should vacate its judgment in the 2015 Case. *See* Dkt. No. 50, pp. 9, 16 (Pg. ID 1644, 1651). The Court dismissed the 2016 Case based on grounds of *res judicata* for all but one claim. Dkt. No. 44. Plaintiff's one claim premised on events following her initiation of the 2015 Case—Count XIX: Invasion Of Privacy—was dismissed based on failure to state a claim upon which relief can be granted. *Id.* at 28–30 (Pg. ID 1365–67). The Court declined to exercise supplemental jurisdiction over Plaintiff's state law claims. *Id.* at 30.

Defendants now seek sanctions under Federal Rule of Civil Procedure 11, seeking attorneys' fees and costs for the filing of a frivolous pleading for improper purposes. Dkt. Nos. 46, 49. Plaintiff did not respond to either motion.

### III. LEGAL STANDARD

A party has three obligations under Federal Rule of Civil Procedure 11. First, the party must conduct a reasonable inquiry to determine the pleading is well grounded in fact. *Jackson v. Law Firm of O'Hara, Rudberg, Osborne and Taylor*, 875 F.2d 1224, 1229 (6th Cir. 1989). Second, the party must conduct a reasonable inquiry to determine that existing law—or as good faith arguments for extension or modification of existing law—warrants the positions taken. *Id*. Third, pleadings must not be filed for an improper purpose, such as harassment, delay, or needless increase of litigation costs. *Id*.

In the Sixth Circuit, the test for the imposition of Rule 11 sanctions is whether the party's conduct was reasonable under the circumstances. *Mann v. G & G Mfg., Inc.*, 900 F.2d 953, 958 (6th Cir. 1990). A district court's determination that conduct was unreasonable, and that sanctions are warranted, is reviewed for abuse of discretion. *Id*.

A party filing a motion for sanctions "must describe the specific conduct that allegedly violates Rule 11(b)." *General Retirement System of City of Detroit v. Snyder*, 822 F. Supp. 2d 686, 698 (E.D. Mich. 2011). Rule 11 sanctions are

unavailable where the moving party did not comply with the safe-harbor provision by serving the motion for sanctions on the opposing party twenty-one days before it is filed with or presented to the court. *First Bank of Marietta v. Hartford Underwriters Ins. Co.*, 307 F.3d 501, 510–11 (6th Cir. 2002).

Regardless of whether a party is represented by counsel or proceeding *pro se*, any party who signs a pleading in violation of Rule 11 can be ordered by the court to pay the other party's reasonable expenses in defending the action. *Danvers v. Danvers*, 959 F.2d 601, 604 (6th Cir. 1992). There are several factors courts must consider when making an award of sanctions. *Id.* at 605. First, the court looks to whether sanctions will deter future conduct of a like nature. *Id.* "Because deterrence is the primary goal, the minimum necessary to deter the sanctioned party is the proper award, even if this amount does not fully compensate the moving party." *Id.* After balancing deterrence and compensation, the court looks to whether the moving party mitigated its expenses by not expending useless effort on the frivolous actions. *Id.* Finally, the court reviews the sanctioned party's ability to pay. *Id.*

A district court has jurisdiction to consider motions for sanctions during the pendency of an appeal on the case. *See Singh v. Capital Univ. Law & Graduate Ctr.*, 238 F.3d 424 (6th Cir. 2000) (affirming a district court's order that a *pro se* plaintiff complete 400 hours of community service in lieu of monetary sanctions).

## IV. DISCUSSION

First, the Court notes that Plaintiff had notice and a reasonable opportunity to respond to these motions. *See* FED. R. CIV. P. 11(c)(1). The motions were filed on the docket in late February 2017, and Plaintiff is an e-filer with access to that docket. More than a month has passed since the filing of the motions for sanctions, and Plaintiff has not filed a response to either motion, or requested additional time in which to respond.

### A. Oakland University Defendants' Motion for Sanctions

Oakland University Defendants filed their motion for sanctions on February 23, 2017. Dkt. No. 46. Their motion does not present any evidence of compliance with the safe-harbor provision of Rule 11(c)(2).

The safe-harbor provision was created by the drafters of Rule 11 to allow a non-moving party a reasonable period to reconsider the legal and factual basis for her contentions and, if necessary, to withdraw the offending document. *Penn, LLC v. Prosper Bus. Dev. Corp.*, 773 F.3d 764, 766–67 (6th Cir. 2014) (concluding that an informal warning letter, rather than the formal service of a motion, was insufficient to qualify under the safe-harbor provision). "Failure to comply with the safe-harbor provision precludes imposing sanctions on the party's motion." *Id.* at 767. *See also Uszak v. Yellow Transp., Inc.*, 343 F. App'x 102, 107–08 (6th Cir. 2009) ("Rule 11 sanctions remained unavailable due to the defendants' failure to

comply with the safe harbor provision, with which [the Sixth Circuit] require[s] 'strict adherence.' "). Since Oakland Defendants have not shown their compliance with the safe-harbor provision of Rule 11, Sixth Circuit precedent precludes the Court from imposing sanctions pursuant to their motion. Accordingly, sanctions are unavailable to the Oakland University Defendants. *See First Bank of Marietta*, 307 F.3d at 510–11. Their motion is denied.

### B. Medicolegal Services' Motion for Sanctions

Medicolegal Services filed its motion for sanctions on February 28, 2017. Dkt. No. 49. Attached to the motion was the formal safe-harbor motion Medicological sent to Plaintiff on October 24, 2016, more than 21 days prior to the filing of the motion for sanctions with the Court. Dkt. No. 49-6. Thus, Medicolegal Services has demonstrated compliance with Rule 11's safe-harbor provision.

Plaintiff has filed at least three lawsuits against Medicolegal Services and its physicians for claims arising from the same allegations of fact. *See* 2015 Case; 2016 Case; Dkt. No. 49-8 (dismissing Plaintiff's claims against Medicolegal's physicians in Oakland County Circuit Court). Despite being told that her claims against Medicolegal have no basis in law, Plaintiff has continued to reassert them.

Sanctions in this instance may deter Plaintiff from bringing future claims against Medicolegal for the same instances of alleged misconduct by internalizing some of the cost that her baseless claims have imposed. While Medicolegal seeks

$12,625.50 in attorneys' fees for defending itself in the 2016 Case, Dkt. No. 49-10, the Court need not award sanctions that fully compensate the moving party to deter future misconduct. *See Danvers*, 959 F.2d at 605. Further, Medicolegal has not provided a detailed breakdown of the hours spent in defense and has not provided the total for costs expended, making it difficult for the Court to assess whether Medicolegal mitigated its expenses.

Finally, given Plaintiff's *in forma pauperis* status, her ability to pay must be considered. *Id*. Plaintiff represented that her gross pay or wages are $1,100 to $1,200 per month, of which $800 to $900 is take-home pay or wages. Dkt. No. 2. She also stated that she has $250 in cash or a savings account, owns two cars with no monthly payments due, and has no debts or financial obligations. *Id*. Based on the totality of evidence provided, the Court will order Plaintiff to pay Medicolegal $2,000 in sanctions. *See, e.g., Singh v. Capital Univ. Law & Graduate Ctr.*, 208 F.3d 215 (6th Cir. 2000) (affirming sanctions in the amount of $2,000 against a *pro se* plaintiff who unnecessarily multiplied the cost of litigation without a good-faith factual basis for his claims).

## V. Conclusion

For the reasons discussed, the Court **DENIES** Oakland University Defendants' Motion for Sanctions [46] and **GRANTS** Medicolegal Services' Motion for Sanctions [49].

In light of the substantial fees Plaintiff has caused Medicolegal to incur unnecessarily, and to deter future misconduct, **IT IS HEREBY ORDERED** that Plaintiff shall pay Medicolegal $2,000 within 180 days of the date of this order.

**IT IS SO ORDERED**.

Dated: April 24, 2017

s/Gershwin A. Drain
HON. GERSHWIN A. DRAIN
United States District Court Judge

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, April 24, 2017 by electronic and/or ordinary mail.


/s/Teresa McGovern
Case Manager Generalist